Mason, J.
The power of the court to require the production of the books, is undoubted. The statute (2 R. S. 199, § 21,) gives the court the power to compel any party to a suit, to produce and discover books, &c. The next section directs the court to prescribe, by general rules, the cases in which such discovery may be computed, and th a proceedings for that purpose. And the tenth rule of the supreme court, which is, also, by statute, .the rule of this court, framed in pursuance of this direction, provides that the order granting the discovery, shall specify the mode in which the same is to be made, which may be either by requiring the party to deliver sworn copies of the matters to be discovered, or by requiring him to produce and deposit the same with the clerk of the county in which the trial is to be had, unless otherwise directed by the court. One object in requiring the deposit to be made with the clerk of the county in which the trial is to be had, undoubtedly is, that the books maybe within reach, to be produced on the trial, if necessary. The same object will be effected in this case, by requiring the defendant to produce them on the day of trial, and deposit them with the clerk of this court, to remain with him during the trial of the cause; and such is the order of the court, with regard to the books mentioned in the plaintiff’s notice.
The powers of this court, under the statute, being amply sufficient to warrant the order. I have not considered the other point suggested by the counsel for the plaintiff, viz. whether this court has now all the powers on this subject formerly possessed by the court of chancery ? That question may become important, if the books should not be produced, and the counsel for the plaintiff should not deem the consequence of non-production given by the 20th section of the statute, to be sufficient to enable him to recover, but should desire to compel the actual production of the books in court. But at present it is unnecessary to discuss that point